UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JERRY LEVI REITMIRE,

        Plaintiff,

vs.                        Case No. 2:07-cv-620-FtM-29DNF

FLORIDA ATTORNEY GENERAL, JAMES S.
PARKER, Judge, VERNON L. KEEN,
Sheriff, MARTIN L. MCLURE, Captain,
MITZIE W. MCGAVIC, Clerk,

        Defendants.
_____

**ORDER OF DISMISSAL**

This matter comes before the Court upon review of Plaintiff's Amended Complaint (Doc. #9, Amended Complaint) and attached exhibits, filed in compliance with the Court's October 31, 2007, Order.[1] See Order directing Pl. to Amend at Doc. #8. Plaintiff, who is proceeding *pro se* and currently held at the DeSoto County Jail, initiated this action by filing a Complaint pursuant to 42 U.S.C. § 1983. See Complaint at Doc. #1. The Court granted Plaintiff's motion to proceed *in forma pauperis*. See Order at Doc. #7.

**I.**

The Prison Litigation Reform Act requires the Court to determine whether this action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary

---

[1] The Court directed Plaintiff to file an Amended Complaint, *inter alia*, because his Complaint was entirely devoid of a statement of facts. See Complaint at Doc. #1.

relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(I)-(iii). In essence, § 1915(e)(2) is a screening process, to be applied *sua sponte* and at any time during the proceedings. See 28 U.S.C. § 1915(e)(2). The Court, nonetheless, must read Plaintiff's *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972) reh'g denied 405 U.S. 948 (1972).

A complaint filed *in forma pauperis* which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Rather, the test for granting a § 1915 dismissal is whether the claim lacks arguable merit either in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); see also Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309 (11th Cir. 2002); Bilal v. Driver, 251 F.3d 1346 (11th Cir. 2001). Additionally, § 1915 requires dismissal when the legal theories advanced are "indisputably meritless," Nietzke at 327; when the claims rely on factual allegations which are "clearly baseless" Denton v. Hernandez, 504 U.S. 25, 32 (1992); or, when it appears that the plaintiff has little or no chance of success. Bilal v. Driver, 251 F.3d at 1349.

In any § 1983 action, the initial inquiry must focus on whether the two essential elements to a § 1983 action are present:

> (1) whether the person engaged in the conduct complained of was acting under color of state

> law; and (2) whether the alleged conduct deprived a person of rights, privileges or immunities guaranteed under the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds by, Daniels v. Williams, 474 U.S. 327 (1986); Burch v. Apalachee Community Mental Health Services, Inc., 840 F.2d 797, 800 (11th Cir. 1988), aff'd, Zinermon v. Burch, 494 U.S. 113 (1990).

Duke v. Massey, 87 F.3d 1226, 1231 (11th Cir. 1996), reh'g and suggestion for reh'g en banc denied, 98 F.3d 1355 (11th Cir. 1996); Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). In addition, a plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. Marsh v. Butler County, Ala., 268 F.3d 1014, 1059 (11th Cir. 2001); Swint v. City of Wadley, Ala., 51 F.3d 988, 999 (11th Cir. 1995); Tittle v. Jefferson County Comm'n, 10 F.3d 1535, 1541 n.1 (11th Cir. 1994).

**II.**

Plaintiff names the following Defendants: Bill McCollum, Florida Attorney General; the Honorable James S. Parker, Circuit Court Judge in DeSoto County; Vernon L. Keen, Sheriff; Martin L. McLure, Captain DeSoto County Jail; Mitzie W. McGavic, Clerk of the Circuit Court in DeSoto County. Amended Complaint at 1, 6-7.[2]

In summary, the Amended Complaint claims violations of Plaintiff's due process rights stemming from alleged incidents

---

[2]The page numbers cited herein are those numbers found scanned on the top of the page on the Court's CM/ECF system.

occurring in his underlying state court criminal trial and his requests for legal materials from the DeSoto County Jail. Id. at 8.  Plaintiff argues that Judge Parker and the Clerk of Court "hampered, impeded, and obstructed" Plaintiff's due process rights by not ruling on certain motions for a period of time and by denying such motions. Id. at 8, 11-12.

The Amended Complaint also alleges that the jail, specifically Defendant McLure, interfered with Plaintiff's right of access to the courts. Id. at 9-12.  In particular, Captain McLure "den[ied] [Plaintiff access to the] law library, typewritter [sic], telephone, VHS dubbing, copying, and request forms." Id. at 12. Plaintiff contends that he submitted requests for legal materials on July 8, 2007, through July 11, 2007, but has not received the requested legal materials. Id. at 9-10.  Plaintiff also contends that he submitted legal material requests to Defendant McLure on September 7, 2007, which went unanswered; September 9, 2007, which received a delayed response on September 20, 2007, and on September 12, 2007, for a Webster Collegiate Dictionary, which was denied. Id. at 13-14.  As a result of these alleged constitutional violations, Plaintiff claims he has spent more time in jail. See generally id. As relief, Plaintiff seeks entry of an "order" stating that he "is to receive the full benefit of his constitutional rights" and damages.[3]  Id. at 15.

---

[3]In the first Complaint, Plaintiff requested in relief, *inter*
(continued...)

**III.**

According to the Amended Complaint, Defendant Parker is a circuit court judge and Defendant McGavic is a clerk of court at the circuit court. Judges are absolutely immune from civil liability under 42 U.S.C. § 1983 for any acts performed in their judicial capacity, providing such acts are not done in clear absence of all jurisdiction. Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000) (citing Stump v. Sparkman, 435 U.S. 349, 356-357) (1978); Simmons v. Conger, 86 F.3d 1080, 1084-85 (11th Cir. 1996)). "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." Id. (citing Stump, 435 U.S. at 356). Similarly, non-judicial officials, including clerks of court, are entitled to absolute immunity for "duties that are integrally related to the judicial process." Jenkins v. Clerk of Court, 150 Fed. Appx. 988, 990 (11th Cir. 2005). "Absolute quasi-judicial immunity for nonjudicial officials is determined by a functional analysis of their actions in relation to the judicial process." Id.

Here, Plaintiff alleges a violation of his constitutional rights stemming from the amount of time the judge required to rule on a matter, and the court's denial of certain motions. Therefore, the Court finds that Defendants Parker and McGavis are entitled to absolute judicial and/or quasi-judicial immunity. Consequently,

---

[3](...continued)
  *alia*, release from jail. Complaint at 11.


Plaintiff's Complaint is dismissed as to these Defendants pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii).

With regard to Plaintiff's access to the court claim, interference with an inmate's access to the court constitutes a First Amendment[4] violation, which is actionable under 42 U.S.C. § 1983. Lewis v. Casey, 518 U.S. 343 (1996); Bounds v. Smith, 430 U.S. 817 (1977); Chandler v. Baird, 926 F.2d 1057 (11th Cir. 1991). Prisoners are entitled to "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." Bounds, 430 U.S. at 825. While there is a constitutional right of access to the courts, there is no constitutional right to access to a law library. Lewis, 518 U.S. at 351; Akins v. U.S., 204 F.3d 1086, 1090 (11th Cir. 2000). Thus, an institution's failure to provide a law library or legal research whenever requested by an inmate does not, in itself, demonstrate an unconstitutional impediment. Akins, 204 F.3d at 1090.

Further, the Supreme Court made clear that a plaintiff who alleges a denial of access to court claim must show how the interference caused the plaintiff harm or prejudice with respect to the litigation. Lewis, 518 U.S. at 349-351. "The injury requirement is not satisfied by just any type of frustrated legal claim." Id. at 354. Specifically, a plaintiff must show that the

---

[4] The protections of the First Amendment apply to the states through the Fourteenth Amendment. See, e.g., New York Times v. Sullivan, 376 U.S. 254, 276-78 (1964) (applying the First Amendment to the states).

Plaintiff's Complaint is dismissed as to these Defendants pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii).

With regard to Plaintiff's access to the court claim, interference with an inmate's access to the court constitutes a First Amendment[4] violation, which is actionable under 42 U.S.C. § 1983. Lewis v. Casey, 518 U.S. 343 (1996); Bounds v. Smith, 430 U.S. 817 (1977); Chandler v. Baird, 926 F.2d 1057 (11th Cir. 1991). Prisoners are entitled to "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." Bounds, 430 U.S. at 825. While there is a constitutional right of access to the courts, there is no constitutional right to access to a law library. Lewis, 518 U.S. at 351; Akins v. U.S., 204 F.3d 1086, 1090 (11th Cir. 2000). Thus, an institution's failure to provide a law library or legal research whenever requested by an inmate does not, in itself, demonstrate an unconstitutional impediment. Akins, 204 F.3d at 1090.

Further, the Supreme Court made clear that a plaintiff who alleges a denial of access to court claim must show how the interference caused the plaintiff harm or prejudice with respect to the litigation. Lewis, 518 U.S. at 349-351. "The injury requirement is not satisfied by just any type of frustrated legal claim." Id. at 354. Specifically, a plaintiff must show that the

---

[4] The protections of the First Amendment apply to the states through the Fourteenth Amendment. See, e.g., New York Times v. Sullivan, 376 U.S. 254, 276-78 (1964) (applying the First Amendment to the states).

denial of access to court prejudiced him in a criminal appeal, post-conviction matter, or in a civil rights action under 42 U.S.C. § 1983 "to vindicate 'basic constitutional rights.'" Id. (quoting Wolff v. McDonnell, 418 U.S. 539, 579 (1974)). Moreover, a plaintiff cannot establish injury unless the case that plaintiff was unable to pursue had arguable merit. Lewis, 581 U.S. at 353; Wilson, 163 F.3d 1291.

The Court finds that the Amended Complaint fails to state a claim for denial of access to courts and as such will be dismissed pursuant to § 1915. To the extent the Amended Complaint attempts to set forth a constitutional claim related to interference with Plaintiff's ability to either type his legal work or conduct legal research, an institution's failure to provide a law library or legal research whenever requested by an inmate does not, in itself, demonstrate an unconstitutional impediment. Akins, 204 F.3d at 1090. Also, the Amended Complaint is devoid of any facts alleging that Plaintiff sustained harm or prejudice with respect to a criminal appeal, civil rights action, or post-conviction matter. See Lewis, 518 U.S. at 354. Rather, Plaintiff's state criminal case remains pending before the Circuit Court in DeSoto County.[5] See www.desotoclerk.com., Case No. 2002CF72.

---

[5] Upon review of the state court's docket history, Plaintiff was charged with two counts of lewd and lascivious behavior on a child under the age of 16 in case number 2002CF72. After the state court granted Plaintiff's motion to represent himself on July 4, 2007, Plaintiff has filed numerous *pro se* motions with the state court. See Pl's Exh. at Doc. # 9-3, p. 12.

Lastly, the Court notes that the Amended Complaint is entirely devoid of any facts showing Defendant Keen's personal involvement or his causal connection to the alleged constitutional violations. See Amended Complaint. Thus, the action fails to state a claim as to Defendant Keen. The only facts in the Amended Complaint pertaining to the Florida Attorney General's involvement in the alleged constitutional violation is that he was aware that Plaintiff's due process rights were violated from September 13, 2007, through September 19, 2007, but did nothing to correct the alleged violation. Id. at 14. Because the Court finds the Amended Complaint fails to state a claim, this action is also dismissed as to the Florida Attorney General.

ACCORDINGLY, it is hereby

**ORDERED**:

1. Plaintiff's Amended Complaint (Doc. #9) is **DISMISSED without prejudice** for failure to state a claim pursuant to § 1915(e)(2)(B)(ii).

2. The Clerk of Court is directed to: (1) terminate any pending motions; (2) enter judgment accordingly; (3) close this case.

**DONE AND ORDERED** in Fort Myers, Florida, on this __5th__ day of February, 2008.

JOHN E. STEELE
United States District Judge

SA: alj
Copies: All Parties of Record